Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00653-CR

———————————

Jerome Lydell Thomas, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 149th District Court 

Brazoria County, Texas



Trial Court Case No. No. 63310

 



 

MEMORANDUM OPINION

Jerome Lydell
Thomas was charged by indictment with aggravated robbery.  Tex.
Penal Code Ann. § 29.03 (West 2011).  Thomas pleaded not guilty. 
A jury found him guilty and sentenced him to twenty years in prison and assessed
a fine of $1,800.00.  On appeal, Thomas
argues that his punishment of twenty years in prison is disproportionate to his
crime, constitutes cruel and unusual punishment, and violates his rights under
both the United States and Texas Constitutions. 
We affirm.  

Background

          On
August 26, 2010 at approximately one-thirty in the morning, Thomas and two
other men entered a Chevron store in Brazoria County and robbed it.  The store’s video surveillance showed the three
men enter the store with pieces of cloth concealing their faces.  While Thomas pointed a gun at the store’s
sole employee, the two other men took the cash register drawer, cash box, and
cigarettes.  Shortly thereafter, police
officers stopped a car matching the description of the robbers’ car, and arrested
Thomas and the car’s three other occupants. 
Police recovered the stolen items from the car.  A jury found Thomas guilty of aggravated
robbery and sentenced him to twenty years in prison.

Analysis

In his sole issue on appeal, Thomas contends
that his punishment is “disproportionate to the crime committed,” constitutes
cruel and unusual punishment and thus violates his rights under the Eighth
Amendment of the United States Constitution and Article 1, Section 13 of the
Texas Constitution.  U.S. Const. amend. 8; Tex. Const. art. I, § 13.  Specifically, Thomas contends that the
sentence is disproportionate to the crime because he had no prior criminal
convictions, he would make a better contribution to society working rather than
in prison, he admitted to robbing the store and apologized, and the employee was
not physically injured during the robbery. 


The Eighth Amendment to the United
States Constitution requires that a criminal sentence be proportionate to the
crime for which a defendant has been convicted. 
Graham v. Florida, 130 S. Ct.
2011, 2021 (2010) (citing Weems v. United
States, 217 U.S. 349, 367, 30 S. Ct. 544 (1910)); Noland v. State, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  However, as a prerequisite for presenting a
complaint for appellate review, including a complaint that a particular
sentence constitutes cruel and unusual punishment, the complaining party must
make a timely request, objection, or motion that states the grounds for the
ruling sought from the trial court with sufficient specificity to make the
trial court aware of the complaint.  See Tex.
R. App. P. 33.1(a)(1)(A); Noland,
264 S.W.3d at 151; see also Wynn v. State,
219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (“The record does
not indicate that appellant objected at trial to the sentence of life
imprisonment. Nor did he raise these arguments in a motion for new trial.  Failing to object in the trial court to an
alleged disproportionate sentence waives any error.”).

          Thomas
did not object to his sentence at any point in the trial court.  After reading aloud the jury’s verdict on
punishment but before pronouncing Thomas’s sentence of twenty years in prison,
the trial court asked the parties whether there was any legal reason why it should
not proceed with sentencing.  Thomas’s counsel
affirmatively stated that the defense had no legal reason for the trial court
not to impose the sentence.  Similarly, Thomas
did not object after sentence was pronounced. 
Nor did Thomas file a motion for new trial.  Because Thomas did not present his complaint
about his sentence to the trial court, we conclude that Thomas has failed to
preserve the complaint for our review.  See Tex.
R. App. P. 33.1(a)(1)(A); Wynn,
219 S.W.3d at 61.

          We overrule
Thomas’s sole issue.  

Conclusion

          We affirm the judgment of the trial
court. 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Higley, Bland, and Huddle.

Do
not publish.  Tex. R. App. P. 47.2(b).